# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FRANK BUNNELL and ) <br> (2) WHITNEY BUNNELL, ) <br> husband and wife, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> (1) AMERICAN BANKERS INSURANCE ) <br> COMPANY OF FLORIDA and ) <br> (2) HOMEFIRST AGENCY, INC. ) <br> ) <br>       Defendants. ) | Case No. <br> Grady County District Court |

## NOTICE OF REMOVAL

**COME NOW** Defendants American Bankers Insurance Company, Inc, and HomeFirst Agency, Inc. (Defendants), pursuant to 28 U.S.C. § 1441, and file this Notice of Removal of the above-titled action from the District Court of Grady County, Oklahoma, to the United States District Court for the Western District of Oklahoma. Plaintiffs' claims against Defendants, which are foreign corporations, are wholly distinct from the claims against the other defendants, which are Oklahoma entities, in this action originally brought by Plaintiffs in the Grady County District Court. Based on the doctrines of fraudulent joinder and fraudulent misjoinder, Defendants hereby file this Notice of Removal.

## **DEFENDANTS' STATEMENT OF GROUNDS FOR REMOVAL**

**A. Facts**

1. Plaintiffs are residents of Oklahoma.  (Exhibit # 1, Petition, ¶ 1).

2. Defendants are foreign corporations.  American Bankers Insurance Company of Florida is incorporated under the laws of Florida with its principle place of business in Florida, and HomeFirst Agency, Inc., is incorporated under the laws of Delaware with its principle place of business in Tennessee.  (*Id*. at ¶¶ 3 & 4).

3. Plaintiffs reside in a mobile home, and purchased a policy of mobile home insurance from Defendants.[1]  (*Id*. at ¶ 33).

4. Plaintiffs filed a petition in state district court, Grady County, Oklahoma, asserting their mobile home was damaged by a May 24, 2001, tornado.  (*Id*. at ¶ 18).

5. Plaintiffs asserted in their petition that they had filed a claim under their insurance policy, and that Defendants delayed, inadequately investigated, and wrongly underpaid and/or unfairly denied the claim.  (*Id*. at ¶ 43).

6. Plaintiffs also asserted Defendants inflated the value of the insured property, thereby violating 36 O.S.2011 § 4804 and committing negligence per se.  (*Id*. at ¶ 48).

7. Plaintiffs alleged four causes of action against Defendants based on these allegations: breach of the covenant of good faith and fair dealing, negligence per se, injunction, and breach of fiduciary relationship.  (*Id*. at ¶¶ 27-60).

---

[1] Plaintiffs asserted the insurance policy was issued by Defendant American Bankers Insurance Company of Florida, with Defendant HomeFirst Agency, Inc. operating as its agent.  (*Id.* at ¶ 33).  For convenience's sake, both are referred to as "Defendants."

8. Plaintiffs asserted that for each cause of action involving damages, the amount of damage was in excess of $75,000, exclusive of costs and interest. (*Id.* at ¶¶ 44, 52, & 60).

9. In the same petition, Plaintiffs asserted a separate claim against three Oklahoma defendants, Oklahoma MH Properties, LP, Oklahoma Properties LP, and Northwind Properties, with all three doing business as "Watson Mobile Home Estates" (collectively, "Watson.")

10. Plaintiffs asserted Watson owned and operated the mobile home community where Plaintiffs parked their mobile home. (*Id.* at ¶¶ 8-9).

11. Plaintiffs asserted Watson had informed them that the property included a storm shelter available for their use, but when they tried to enter the shelter before the tornado was due to strike, the shelter was locked and inaccessible. (*Id.* at ¶¶ 10- 14).

12. Plaintiffs asserted they were forced to ride out the storm in their mobile home. (*Id.* at ¶ 17).

13. Plaintiffs' alleged a single cause of action against Watson for negligence, including an assertion of negligence per se for allegedly violating City of Chickasha Ordinance 16-4-12. (Id. at ¶¶ 24-31).

14. The claim against Watson, and the separate claim against Defendants, were both included in Plaintiffs' petition.

**B. Diversity and Joinder**

As acknowledged in their petition, Plaintiff are residents of Oklahoma, Defendants are foreign corporations, and the amount in controversy exceeds $75,000, exclusive of costs and interest. Thus, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, if the claim against Watson is not joined with the claims against Defendants. This Court has such jurisdiction because, as explained below, the claim against Watson was misjoined with the claims against Defendants.

It is a basic principle of federal law that diversity jurisdiction requires complete diversity between plaintiffs and defendants, meaning no plaintiff may be a domiciliary of the same state as any defendant. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir 1993). If diversity exists, and all requirements are met, federal law states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place such action is pending." 28 U.S.C. § 1441(A).

**C. Fraudulent Joinder**

Courts recognize that a plaintiff suing out-of-state defendants may attempt to avoid section 1441(A) and defeat diversity jurisdiction by also suing a defendant from the same state as the plaintiff. To prevent this from happening improperly, the concept of fraudulent joinder was developed. To apply this concept, the removing party must allege jurisdiction on the basis that non-diverse parties have been fraudulently joined. *Jernigan*,

89 F.2d at 815.  To prove the existence of fraud, the removing party must show either (1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or (2) that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.  *Id*.  As to the former requirement, the Tenth Circuit had held that a court must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available" to decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.  *Nerad v. AstraZeneca Pharmauticals, Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. 2006).  As to the latter requirement, the Tenth Circuit has stated that the question is whether joinder was done "without good faith."  *Am. Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991).

*Either* requirement for the application of fraudulent joinder is met here.  First, there is no possibility that Plaintiffs can establish a cause of action against the in-state defendant, Watson, because they have failed to establish an essential element of negligence or negligence per se -- damages.  *See Loper v. Austin*, 1979 OK 84, ¶ 9, 596 P.2d 544, 545 (negligence); *Hamilton v. Allen*, 1993 OK 46, ¶ 9, 852 P.2d 697, 698 (negligence per se).  Even under liberal pleading standards, Plaintiffs' bare claim of "injuries" and "physical injuries" (Exhibit #1, ¶¶ 29 & 31) fails to sufficiently allege they were struck by debris or suffered any injury above what they would have suffered if they had been able to enter the shelter.  Furthermore, while they also allege "mental and physical distress" (*id.* at ¶ 31), they have failed to asserts Watson intentionally meant to harm them or that they suffered extreme emotional distress, thereby eliminating the

5

possibility of a claim of intentional infliction of emotional distress. *See Durham v. McDonald's Restaurants of Okla., Inc.*, 2011 OK 45, ¶ 4, 256 P.3d 64, 66. As for a possible claim of negligent infliction of emotional distress, such is not an independent claim and requires a showing of physical injury, which Plaintiffs have failed to do. *See Kraszewski v. Baptist Med. Ctr.*, 1996 OK 141, n. 1, 916 P.2d 241; *Cleveland v. Dyn-a-Mite Pest Control, Inc*., 2002 OK CIV APP 95, ¶ 52, 57 P.3d 119, 131.

Second, the record suggests joinder was done without good faith. The claim against Watson is completely separate and distinct from the claims against Defendants. There is no possible reason for joining the claims against all the defendants except to defeat diversity jurisdiction and prevent removal. This argument is explained in the following section.

**D. Fraudulent Misjoinder**

The 10th Circuit recently applied the principles of fraudulent joinder to the related concept of fraudulent misjoinder. "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire and Cas. Co*., 391 Fed. Appx. 732, 739 (10th Cir. 2010), quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine,* 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006). The "procedural basis" is found in Fed R. Civ. P. 20, the permissive joinder statute, which states at section 20(a)(2):

>Defendants. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>(B) any question of law or fact common to all defendants will arise in the action.

If the claims alleged against some defendants are "wholly distinct" from the claims against a second class of defendants, then the various claims are insufficient for joinder under Fed.R.Civ.P. 20. *Lafalier*, 391 Fed. Appx. at 739. If so, fraudulent misjoinder applies to defeat an attempt to avoid diversity, because:

>Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. . . . We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.

*Id.*, quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.1996).[2]

In *Lafalier*, the Tenth Circuit did not formally adopt the concept of procedural misjoinder because it determined that doing so would not change the case's results. But it clearly favored the doctrine, noting, "There may be many good reasons to adopt procedural misjoinder." *Id*.

The instant case is a perfect example of fraudulent misjoinder under the principles of these decisions and Fed.R.Civ.P. 20. Comparing the claim against Watson with the

---

[2] The Tenth Circuit noted in its opinion that *Tapscott* had been abrogated on other grounds. *Id.* at n. 3.

claim against Defendants reveals none of the element of Rule 20 are satisfied.  There is no assertion of joint or several liability; no assertion of the same transaction, occurrence, or series of transactions or occurrences; and no assertion of a common question of law or fact.

To the contrary, the claims involve entirely different facts. The relevant time period for the claim against Watson begins when it allegedly fails to open the shelter, and ends when the tornado moves away from the mobile home park.  In contrast, the relevant time period for the claims against Defendants does not even begin until *after* the tornado has done its damage, when Plaintiffs file their insurance claim and Defendants allegedly wrongfully handled the claim.  The contract-based claim against the Defendants concerns their handling and disposition of an insurance claim, which was obviously not even submitted until *after* the tornado had passed and Plaintiffs had suffered whatever personal injury they alleged was caused them by the Watsons *during* the storm.

The claims also involve entirely different questions of law.  Plaintiffs' claim against Watson is based on negligence and a city ordinance.  Plaintiffs' claims against Defendants are based on common law principles involving contracts and bad faith.  The only similarity is that both involve an allegation of negligence per se, but even here, the statutes (actually, an ordinance in Watson's case) are totally different.

In short, the claim against Defendants is "wholly distinct" from the claim against Watson.  Whether Plaintiffs may have suffered personal injury from being locked out of a tornado shelter has nothing to do with an insurer's handling of a claim of property damage caused by the storm. The facts are different, the law is different, and the types of

damages are not only different, but they are unrelated. Even if the tornado itself is considered a common factor, Plaintiffs' alleged personal injuries resulting from being locked out of the shelter have no connection to alleged property damage to their mobile home, for which they sought coverage from their insurer.

A recent decision from this District applied Rule 20 and concluded misjoinder had occurred. In *Kerchee v. Smith*, 2011 WL 4500824 (W.D. Okla. 2011), the Court adopted the report of the magistrate finding that an inmate's claims related to his prosecution were misjoined with his claims related to his subsequent confinement. While all the claims asserted alleged constitutional and state law violations, the fact remained that "the two sets of claims do not arise out of the same transaction or occurrence, and no question of law or fact is common to the two sets of defendants." *Kerchee v. Smith*, 2011 WL 4497778 (W.D. Okla. 2011).

Because Plaintiffs' claims against Watson are wholly distinct from the claims against Defendants, they were misjoined. Defendants can therefore remove this action under 28 U.S.C. § 1441.

### E. Consent

For this Court's information, Defendants note that the most recently-amended version of 28 U.S.C. § 1441(2)(A) codifies the common-law "rule of unanimity," which requires that when a civil action is removed solely under section 1441(a), "all defendants who have been *properly* joined and served must join in or consent to the removal of the action." (Emphasis added). Defendants have not attempted to obtain consent by Watson,

9

who have not yet appeared in the state district court lawsuit or had summons returned as to them, because Watson, as explained, was not properly joined.

This is not a bootstrapping argument, because the federal courts have expressly held that a removing defendant alleging fraudulent joinder does not need to obtain consent from improperly or fraudulently joined parties.  *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir 1993); *McDonald v. Raycom TV Broadcasting, Inc*., 2009 WL1149569 (S.D. Miss. 2009).

## CONCLUSION

Defendants American Bankers Insurance Company, Inc., and HomeFirst Agency, Inc., pursuant to 28 U.S.C. § 1441, hereby file this Notice of Removal of the above-styled lawsuit from the District Court of Grady County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

    Respectfully submitted,

*s/Phil R. Richards*
Phil R. Richards, OBA #10457
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma  74103
Telephone:  918/585.2394
Facsimile:  918/585.1449

ATTORNEYS FOR DEFENDANTS
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA and
HOMEFIRST AGENCY, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2012, I electronically transmitted this *Notice of Removal* to the Clerk of the Court using the ECF System for filing. Additionally, pursuant to 28 U.S.C. § 1446 (d), true and correct copies of the *Notice of Removal* were delivered to

Lois Foster
Grady County Court Clerk
326 West Choctaw
Chickasha, Oklahoma 73018

Jeff D. Marr, Esq.
MARR LAW FIRM
4301 Southwest Third Street, Suite 110
Oklahoma City, Oklahoma 73108
jeffdmarr@marrlawfirm.com

ATTORNEY FOR PLAINTIFFS

/s/ *Phil R. Richards*
Phil R. Richards