IN THE DISTRICT COURT OF GRADY COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
Grady County, Oklahoma

MAR 14 2012

Lois Foster, Court Clerk
by _____ Deputy

| | |
|---|---|
| FRANK BUNNELL and WHITNEY BUNNELL, husband and wife, | ) ) ) |
| Plaintiffs, | ) ) |
| versus | ) ) Case No. CJ 2012-72 |
| OKLAHOMA MH PROPERTIES, LP d/b/a WATSON MOBILE HOME ESTATES, OKLAHOMA PROPERTIES, LP, d/b/a WATSON MOBILE HOME ESTATES, NORTHWIND PROPERTIES d/b/a WATSON MOBILE HOME ESTATES; AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, and HOMEFIRST AGENCY, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PETITION

Plaintiffs, Frank Bunnell and Whitney Bunnell (hereinafter "Plaintiffs"), for their claims against Defendants, Oklahoma MH Properties, LP d/b/a Watson Mobile Home Estates, Oklahoma Properties, LP d/b/a Watson Mobile Home Estates, Northwind Properties d/b/a Watson Mobile Home Estates, American Bankers Insurance Company of Florida and HomeFirst Agency, Inc. state as follows:

### PARTIES, JURSIDICTION AND VENUE

1.  Plaintiffs are residents Chickasha, located in Grady County, Oklahoma.

2.  Upon information and belief, Defendants, Oklahoma MH Properties, LLP d/b/a Watson Mobile Home Estates, Oklahoma Properties, LP d/b/a Watson Mobile Home Estates, Northwind Properties d/b/a Watson Mobile Home Estates (hereinafter "WATSON") are Oklahoma business entities doing business in Grady County, Oklahoma.


EXHIBIT 1

3. Defendants WATSON own and operate a mobile home community in Chickasha, Grady County, Oklahoma.

4. Defendant American Bankers Insurance Company of Florida (hereinafter "ABICF") is a corporation incorporated under the laws of the State of Florida, with its principle place of business in Miami, Florida.

5. Defendant HomeFirst Agency, Inc. (hereinafter "HomeFirst") is a corporation incorporated under the laws of the State of Delaware, with its principle place of business in Maryville, TN.

6. Jurisdiction is proper under Okla. Stat. tit. 12 §2004(f)(2011).

7. The facts giving rise to the cause of action and the accident occurred in Grady County. Venue is therefore appropriate under Okla. Stat. tit. 12 § 134 (2011). Further, the principal place of business of Defendants Watson is located in Grady County and therefore, venue is appropriate in Grady County, Oklahoma.

## FACTS

8. Defendants or one or more of them own and operate a mobile home park known as Watson's Mobile Home Estates at 3320 S. 4th Street, Chickasha, Grady County, Oklahoma.

9. Plaintiffs entered into a Rental Agreement for mobile home space with Watson on April 1, 2009. Under the terms of said agreement Watson identified itself as Landlord and Plaintiffs the Tenant.

10. Prior to Plaintiffs moving to the Defendant Watson's mobile home park, Plaintiffs and others had been informed by the agents of the Defendant Watson's that the storm shelter and other storm shelters were available for the use of the residents and their guests and invitees.

11. The Ordinances of the City of Chickasha, Oklahoma require the owners and operators of mobile home parks to provide functional and adequate storm shelters for their residents and guests.

12. On or about the 24th day of May 2011, a devastating tornado ripped through parts of Chickasha and Grady County causing death and destruction.

13. At the time of the May 24, 2011 tornado, and pursuant to the agreement referenced in Paragraph 9 above, Plaintiffs resided in their mobile home located within Defendant Watson's mobile home park.

14. Through the efforts of the National Weather Service and local emergency agencies, Plaintiffs and others in Watson's mobile home park received advanced emergency warning the massive tornado was approaching. Plaintiffs attempted to make their way to the tornado shelter, however, unbeknownst to Plaintiffs and other families within the mobile home park, the shelter was locked and completely unaccessible.

15. Residents and guests in Watson's Mobile Home Estates requested that management of Watson's Mobile Home Estates open the storm shelter.

16. Despite phone calls to open the shelter, the shelter was not opened or otherwise made available to residents and other persons in Watson's Mobile Home Estates. The management of Watson's Mobile Home Estates, being agents and employees of Defendant Watson's refused to open or otherwise make any storm shelter available to Plaintiffs or other residents the mobile home park.

17. With no time left to find alternate shelter Plaintiffs, their family, as well as other residents of the Watson's Mobile Home Estates, were left with no choice but to ride out the devastating tornado in their mobile homes.

18. The Watson mobile home park bore the brunt of the deadly tornado. Many homes were damaged or destroyed within the community. Plaintiffs' home was among those sustaining significant damage.

19. Unbeknownst to Plaintiffs, Plaintiffs and others would not have been able to enter the storm shelter due to the Defendants' actions of filling the storm shelter with old appliances and miscellaneous tools, equipment and lawn furniture.

20. The storm shelter in Defendants' mobile home park had been improperly removed from service without notice to Plaintiffs or other residents of Watson's.

21. Defendants had also removed from service other storm shelters without notice to the Plaintiffs or other residents of Watson's.

22. Defendants failed in their duty to provide storm shelters.

23. Defendants failed to notify residents of the removal of storm shelters from service.

24. That as a direct result of the Defendants Watson's violation of Section 16-4-12 of the Ordinances of the City of Chickasha, Oklahoma, Defendants are *negligent per se.*

25. As a result of the negligent acts of Defendants, the storm shelter was rendered unusable by residents and guests, including Plaintiffs and others. Plaintiffs suffered physical injuries and emotional distress as a result thereof. The injuries suffered by Plaintiffs were the direct and proximate result of the negligence of Defendants.

26. Defendants showed a reckless disregard for the safety and welfare of the residents and guests of residents within Watson's.

### FIRST CAUSE OF ACTION

27. Plaintiffs adopt and re-plead paragraphs 1 through 26 above to the extent the same

are not inconsistent with those claims set forth below, and for their additional claims against Defendant Watson, and do hereby and further allege as follows:

28. Plaintiffs allege Defendant Watson failed to exercise ordinary care and was in fact negligent in failing to make the community shelter accessible to its mobile home residents as intended and promised.

29. That as a direct result of Defendant Watson's negligent conduct Plaintiffs suffered injuries.

30. That Defendant Watson's conduct displayed a reckless disregard of the rights of Plaintiffs. Furthermore, Plaintiffs allege the conduct, as described herein, reflects wrongful or reckless behavior by Defendant Watson of a sufficiently egregious nature so as to warrant the imposition of punitive damages.

31. As a result of Defendant Watson's conduct, Plaintiffs have sustained physical injuries, mental and emotional distress and have been damaged in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION

32. Plaintiffs adopt and re-plead paragraphs 1 through 31 above to the extent the same are not inconsistent with those claims set forth below, and for their additional claims against Defendants American Bankers Insurance Company of Florida (hereinafter "ABICF"), and HomeFirst Agency, Inc. (hereinafter "HomeFirst"), and do hereby and further allege as follows:

33. At the time Plaintiffs purchased their mobile home policy of insurance with Defendant ABICF, Defendant HomeFirst was an agent and/or ostensible agent of Defendant ABICF.

34. Plaintiffs entered into a "Specialty Homeowners Program" contract of insurance with

Defendant ABICF to provide coverage for their residence and household contents.

35. At the time of the subject policy was sold and issued, Plaintiffs' insured property was located in Chickasha, Grady County, Oklahoma.

36. Thereafter, Defendant, ABICF issued its' "Specialty Homeowner Program Policy" of insurance (Policy No. HFS1372660) to Plaintiffs.

37. ABICF represented to the Plaintiffs, directly and through its captive agent, Defendant Home First, that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay claims. Plaintiffs relied on said representations.

38. On or about the 24th day of May, 2011, Plaintiffs' property, which was insured by the subject "Specialty Homeowner Program Policy" of insurance, sustained damage as a direct result of the devastating tornado referenced herein.

39. Plaintiffs properly and timely submitted a claim to Defendant ABICF for damage and loss resulting from the May 24, 2011, tornado.

40. Defendant ABICF confirmed Plaintiffs' property had in fact sustained direct physical damage as a result of catastrophic storm which occurred on or about the 24th day of May, 2011, and that said loss was covered under the terms and conditions of Plaintiffs' "Specialty Homeowner Program Policy" with ABICF.

41. Despite and considering the above and foregoing, Defendant ABICF has failed and/or refused to fully and fairly pay the claims of Plaintiffs in accordance with the terms and conditions of their policy by engaging in the following acts and omissions:

a) Defendant ABICF intentionally and with malice breached its duty to deal fairly and in good faith with its insureds, Plaintiffs, Frank Bunnell and Whitney Bunnell;

b) Defendant ABICF failed to pay the full and fair amount for the property damage sustained by Plaintiffs from the May 24, 2011, tornado in accordance with the terms and conditions of their insurance policy;

c) Defendant ABICF arbitrarily and without basis assigned property values to the Plaintiffs' property damaged in the May 24, 2011, tornado. Defendant ABICF deliberately and intentionally undervalued the property, resulting in reduction in benefits paid to Plaintiffs;

d) Defendant ABICF arbitrarily and without basis depreciated Plaintiffs' property damaged in the May 24, 2011, tornado, thereby unfairly and without valid basis, reducing the fair amount of Plaintiffs' claim.

e) Defendant ABICF purposefully, wrongfully and repeatedly withheld benefits due under the terms and conditions of their insurance policy;

f) Defendant ABICF purposefully, wrongfully and repeatedly failed to advise Plaintiffs of all policy benefits to which they, as policyholders, were entitled; and

g) Defendant ABICF violated the "Unfair Claims Settlement Practices Act." 36 O.S. §§1250.1-1250.16.

42. The conduct of Defendant ABICF, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties.

43. As a direct result of Defendant ABICF's schemes and other wrongful conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, wrongly underpaid and/or unfairly denied. Said actions resulted in additional profits, and financial windfall, for Defendant ABICF.

44. As a result of Defendant ABICF's conduct, Plaintiffs have sustained financial losses,

-7-

mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

45. Defendant ABICF's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiffs. Furthermore, Defendants ABICF's conduct was part of an overall plan or scheme designed to, and which in fact did, result in increased profits, and a financial windfall, to Defendant ABICF. Plaintiffs allege that Defendant ABICF's conduct, as described herein, reflects intentional, wrongful or reckless behavior by Defendant ABICF of a sufficiently egregious nature so as to warrant the imposition of punitive damages.

## THIRD CAUSE OF ACTION

46. Plaintiffs adopt and re-plead paragraphs 1 through 45 above to the extent the same are not inconsistent with those claims set forth below, and for their additional claims against Defendants ABICF and HomeFirst, do hereby and further allege as follows:

47. Pursuant to 36 O.S. §4804, insurance companies are prohibited from knowingly issuing any policies within the State of Oklahoma which exceed the fair value of the insured's property. Defendant ABICF, by and through its agent, Defendant Home First, violated said statute by knowingly selling and issuing an insurance policy to Plaintiffs for an amount which exceeded the fair value of their property.

48. In selling and issuing Plaintiffs an insurance policy to Plaintiffs for an amount which exceeded the fair value of their property, Defendants ABICF and HomeFirst's violated 36 O.S. §4804, and are *negligent per se*.

49. Defendants, ABICF and Home First sold and collected premiums in excess of the actual value of Plaintiffs' property.

-8-

50. Plaintiffs are entitled to reimbursement of those premiums paid which were in excess of the amount named in their policy and the actual value of their property.

51. Defendants ABICF and HomeFirst, further overcharged Plaintiffs by misapplying rating factors and coverages which were either inaccurate or unreasonable.

52. As a result of the conduct of Defendant ABICF and HomeFirst, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

53. The conduct of Defendants ABICF and HomeFirst was intentional, willful, malicious and in reckless disregard of the rights of Plaintiffs. Furthermore, said Defendants' conduct was part of an overall plan or scheme designed to, and which in fact did, result in increased profits, and a financial windfall, to said Defendants. Plaintiffs allege that these Defendants' conduct, as described herein, reflects intentional, wrongful or reckless behavior by Defendants of a sufficiently egregious nature so as to warrant the imposition of punitive damages.

54. Further, Plaintiffs allege Defendants ABCIF and HomeFirst were *unjustly enriched* as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiffs.

## FOURTH CAUSE OF ACTION

55. Plaintiffs adopt and re-plead paragraphs 1 through 54 above to the extent the same are not inconsistent with those claims set forth below, and for their additional claims against Defendants ABCIF and HomeFirst do hereby and further allege as follows:

56. Immediate, substantial and irreparable harm would result to Plaintiffs if Defendants

are permitted to:

a) issuing policies of insurance in Oklahoma without an accurate and consistent methodology for calculating the fair value of property;

b) issuing policies in Oklahoma with limits and premiums which do not accurately reflect the risks; and

c) annually increasing policy limits and premiums automatically via ABICF's Inflation Coverage Protection when such increases do not accurately reflect the risks.

57. Plaintiffs have suffered and will continue to suffer irreparable harm, damage and injury unless the wrongful conduct of Defendants described above herein are enjoined.

## FIFTH CAUSE OF ACTION

58. Plaintiffs adopt and re-plead paragraphs 1 through 57 above, and for their additional claims against Defendants ABICF do hereby and further allege as follows:

59. A special relationship akin to that of a fiduciary exists between Defendant ABICF and Plaintiffs stemming from the quasi-public nature of insurance, the unequal bargaining power between ABICF and Plaintiffs and the potential for ABICF to unscrupulously exert that power at a time when Plaintiffs are particularly vulnerable. As a result of such special relationship, ABICF owes a fiduciary duty to its insured to act in a manner consistent with the interests of its insured. Plaintiffs allege ABICF, in the context of such special relationship, breached its fiduciary duties owed to the Plaintiffs, resulting in injury and damages to the Plaintiffs, as well as the unjust enrichment of ABICF at the expense of Plaintiffs.

60. As a result of the conduct of Defendant ABICF, Plaintiffs have sustained financial

losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs pray for judgment in their favor and against *all* Defendants named herein for the following:

a) Actual and punitive damages each in an amount in excess of $75,000.00; and,

b) Prejudgment interests, costs and a reasonable attorney's fee.

Plaintiffs pray for additional and further relief in their favor against Defendants, American Bankers Insurance Company of Florida and HomeFirst Agency, Inc. as follows:

c) Payment for all contractual benefits for all coverages afforded to Plaintiffs under the subject American Bankers Insurance Company of Florida policy for damage to their insured residence and personal contents caused by May 24, 2011, tornado, with interest on all amounts due;

d) Disgorgement of the increased financial benefits derived as a direct result of the claim conduct causing injury and damages to Plaintiffs;

e) An Order enjoining Defendants from selling and issuing policies in excess of the fair value of the insured's property in Oklahoma;

f) Disgorgement and reimbursement of all commissions paid and premium dollars received which were in excess of the amount named in the insurance policies and the actual value of the insured's property.

g) An Order enjoining Defendants from overcharging its policyholders by the misapplication of rating factors and coverages;

    h)    Disgorgement and reimbursement of all commissions paid and premium dollars received which were the result of misapplied rating factors and coverages;

    i)    Compensatory damages for intentional infliction of emotional distress;

    j)    Actual and punitive damages in an amount in excess of $75,000.00; and,

    k)    Prejudgment interests, costs and a reasonable attorney's fee.

Respectfully submitted,

JEFF D. MARR, OBA No. 16080
MARR LAW FIRM
4301 Southwest Third Street
Suite 110
Oklahoma City, Oklahoma 73108
Telephone: (405) 236-8000
Facsimile: (405) 236-8025
Email: jeffdmarr@marrlawfirm.com
*Attorney for Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

## VERIFICATION

STATE OF OKLAHOMA )
                 ) ss:
COUNTY OF GRADY  )

I, Frank Bunnell, of lawful age, being first duly sworn, on oath, state that I have read the foregoing Petition, that I am familiar with the matters set forth therein, and that the same are true to the best of my information and belief.

*Frankie Bunnell*
FRANK BUNNELL

Subscribed and sworn to before me this 14th day of March, 2012.

*Jessica Hayden*
Notary Public

My Commission Number:
06005000

My Commission Expires:
6/20/14

JESSICA HAYDEN
Notary Public
State of Oklahoma
Commission # 06005000  Expires 06/20/14

## VERIFICATION

STATE OF OKLAHOMA   )
                    )   ss:
COUNTY OF GRADY     )

I, Whitney Bunnell, of lawful age, being first duly sworn, on oath, state that I have read the foregoing Petition, that I am familiar with the matters set forth therein, and that the same are true to the best of my information and belief.

*/s/ Whitney Bunnell*
WHITNEY BUNNELL

Subscribed and sworn to before me this 14th day of March, 2012.

*/s/ Jessica Hayden*
Notary Public

My Commission Number:
06006000

My Commission Expires:
6/20/14

JESSICA HAYDEN
Notary Public
State of Oklahoma
Commission # 06006000  Expires 06/20/14